NOT DESIGNATED FOR PUBLICATION

No. 122,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DESIRA RACHELLE TURNER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed July 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Desira Rachelle Turner appeals the district court's order extending her probation and requiring her to report to the adult community corrections residential center (residential center). We granted Turner's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47).


FACTUAL AND PROCEDURAL HISTORY


The State charged Turner with felony possession of a controlled substance in December 2016. Turner pled guilty to the charge. At a sentencing hearing in April 2017, the district court sentenced her to 12 months in prison but granted her probation for 12 months.

1

In May 2017, the State alleged that Turner violated the terms of her probation by failing to report and failing to provide verification that she had obtained required drug, alcohol, and mental health evaluations. At a hearing in September 2018, the district court found that Turner violated her probation by failing to report as directed. The court sanctioned Turner with a three-day "[q]uick-[d]ip" and extended her probation for an additional 12 months.

In April 2019, the State again alleged that Turner violated the conditions of her probation by failing to report, failing to pay required fees, and testing positive for methamphetamine. The district court held a hearing on the allegations in September 2019. Turner stipulated to the violations.

Turner's attorney requested an extension of Turner's probation and that she be ordered to go to the residential center when there was bedspace. She stated she understood her attorney's request and she agreed with it. The State concurred, but also requested that Turner not be allowed to miss a urinalysis as a new condition to her probation.

The district court agreed and extended Turner's probation an additional 12 months and ordered her to report to the residential center after completing a three-day dip in the county jail or when bedspace was available. Turner filed a timely notice of appeal. On appeal, Turner argues the district court abused its discretion by extending her probation and imposing additional conditions on her.

ANALYSIS

Appellate courts review a district court's decision whether to revoke probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on

2

an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Turner bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

At the time Turner was charged and convicted, K.S.A. 2016 Supp. 22-3716 set forth the grounds for revoking probation. After her stipulation to violating probation, the district court could opt for the "[c]ontinuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2016 Supp. 22-3716(c)(1)(A).

Turner does not argue that the district court's decision was based on an error of law or an error of fact. Thus, the only remaining avenue for her to show that the district court abused its discretion is demonstrating that the court's decision was arbitrary, fanciful, or unreasonable. See *Ingham*, 308 Kan. at 1469. She is unable to do so.

Turner quickly violated the terms of her probation after her initial sentencing hearing. She did so again less than a year after her first probation revocation hearing. After the second revocation hearing, the district court followed Turner's attorney's recommendation, with which she agreed, and extended Turner's probation and ordered her to report to the community corrections residential center to begin treatment— essentially giving Turner another chance to succeed at probation. We find that the district court's decision was not arbitrary, fanciful, or unreasonable under the circumstances.

Affirmed.